UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| TERRY REED, | ) |
| Petitioner, | ) |
| vs. | ) Case No. 4:22-CV-1048-JSD |
| KELLY MORRISS,[1] | ) |
| Respondent. | ) |

### MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Terry Reed's ("Petitioner") request for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (ECF No. 10). Kelly Morriss ("Respondent") opposes habeas relief. (ECF No. 23.) Petitioner has not filed a reply despite this Court permitting him to do so. (ECF No. 14.) Both parties have consented to jurisdiction of the undersigned United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). (ECF No. 16.) For the reasons set forth below, Petitioner's petition for a writ of habeas corpus is denied.

### BACKGROUND

Petitioner, an inmate at Jefferson County Correctional Center, seeks release from confinement pursuant to 28 U.S.C. § 2254. In 2019, Petitioner was convicted by a jury on one count of assault in the first degree or attempt – serious physical injury or special victim. (ECF No. 23-2 at 16, 62, 67, 83.) The trial court sentenced Petitioner as a persistent offender to twenty years imprisonment to run consecutively with another state sentence. (*Id.* at 77, 83; ECF No. 23-1 at 9,

---

[1] Petitioner is currently incarcerated at the Jefferson City Correctional Center. As such, Kelly Morriss, the current Warden of the Jefferson City Correctional Center, is Petitioner's custodian and the proper respondent, *see* 28 U.S.C. § 2254, and is substituted for Doris Falkenrath as the defendant in this suit, *see* Fed. R. Civ. P. 25(d).

181.) Following his conviction, Petitioner filed a direct appeal, raising one argument related to the denial of his motion for mistrial based on the prosecutor's opening statement. (ECF Nos. 23-2 at 80; 23-3 at 10.) The Court of Appeals in the Southern District of Missouri affirmed, finding that Petitioner failed to demonstrate that the trial court abused its discretion. (ECF No. 23-5 at 3.)

After his unsuccessful direct appeal, Petitioner filed a motion for post-conviction relief. (ECF No. 23-8 at 1; 10 at 3-6.) He later filed an amended motion for post-conviction relief, purportedly raising the same arguments that he raises in his habeas petition before this Court.[2] (ECF Nos. 23-8 at 3; 10 at 9.) On January 6, 2022, the parties entered into a stipulation agreement to resolve the Rule 29.15 proceedings, which provided as follows:

> [T]he parties … stipulate and agree that the proper remedy in this cause to resolve all claims is the amend the Judgment and sentence in underline [sic] case number 18PH-CR01110 from a 20 year consecutive sentence to a 17 year sentence to run concurrently with all previously imposed sentences…. Movant understands that he has no further remedy under rule 29.15.

(ECF No. 23-7.) Petitioner signed the agreement and appeared with counsel at a hearing held on the same day, during which the motion court reviewed the stipulation agreement, and confirmed that Petitioner understood that the stipulation concluded his rights under Rule 29.15. (ECF Nos. 23-7; 23-9 at 3-4.)

Petitioner indicates that he appealed his Rule 29.15 motion (ECF No. 10 at 10, 13, 15, 17, 19, 22, 25); however, he provides no citation to such an appeal, and the record does not reflect one was ever filed (ECF No. 23-8 at 6). The Government represents that Petitioner did not challenge

---

[2] Petitioner asserts that he raised these arguments in his amended motion for post-conviction relief (ECF No. 10 at 10, 12, 14, 16, 19, 22, 24); however, the parties have not provided, nor has this Court been able to access, a copy of Petitioner's amended motion for post-conviction relief. Nonetheless, the Government concedes that Petitioner presented these grounds in his amended motion for post-conviction relief. (ECF No. 23 at 7.)

2

the sufficiency of the motion court's findings in state court, nor did he appeal the resolution of his post-conviction relief. (ECF No. 23 at 8, 10.)

Petitioner timely filed his petition for habeas relief (ECF Nos. 1, 10),[3] asserting the following seven grounds for relief:

1. Trial Counsel was ineffective for failing to object to the State's assertion to the jury during closing argument that "a broken nose is serious physical injury under the law."
2. Appellate counsel was ineffective for failing to brief a claim that the trial court erred when it did not offer sua sponte a curative instruction to the State's assertion to the jury during closing argument that "a broken nose is serious physical injury under the law."
3. Appellate counsel was ineffective for failing to raise on direct appeal the sufficiency of the evidence for conviction on the class A felony, assault in the 1st degree.
4. Trial counsel was ineffective for failing to argue to the jury the definition of serious physical injury or to make any argument contesting that the victim sustained serious physical injury.
5. Trial counsel was ineffective for failing to investigate, obtain, and call an expert to testify about the effects of the medication and alcohol in the victim's system on the night of the incident.
6. Trial counsel was ineffective for failing to convey or to accurately convey a plea offer made by the State.
7. Trial counsel was ineffective for failing to call Petitioner's sister, brother, or mother to testify at trial.

(ECF No. 10 at 9-25.)

## STANDARD OF REVIEW

Pursuant to section 2254, a district court "shall entertain an application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). "As this court has consistently recognized, in a § 2254 habeas corpus

---

[3] On February 23, 2023, he filed an "Amended Petition," but the only difference between that filing and the original petition is the addition of Petitioner's signature. (ECF No. 10.) Because Respondent cites the "Amended Petition," the Court will do the same.

3

proceeding, a federal court's review of alleged due process violations stemming from a state court conviction is narrow." *Anderson v. Goeke*, 44 F.3d 675, 679 (8th Cir. 1995).

Federal courts may not grant habeas relief on a claim that has been decided on the merits in state court unless that adjudication:

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

28 U.S.C. § 2254(d)(1)-(2). As to habeas relief under section 2254(d)(1), "[a] state court's decision is contrary to . . . clearly established law if it applies a rule that contradicts the governing law set forth in [Supreme Court] cases or if it confronts a set of facts that are materially indistinguishable from a [Supreme Court] decision . . . and nevertheless arrives at a [different] result." *Cagle v. Norris*, 474 F.3d 1090, 1095 (8th Cir. 2007) (quoting *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003)). A state court "unreasonably applies" federal law when it "identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," or "unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply." *Williams v. Taylor*, 529 U.S. 362, 407 (2000). As to habeas relief under section 2254(d)(2), a state court decision may be considered an unreasonable determination of the facts "only if it is shown that the state court's presumptively correct factual findings do not enjoy support in the record." *Ryan v. Clarke*, 387 F.3d 785, 790-91 (8th Cir. 2004) (citing 28 U.S.C. § 2254(e)(1)).

In a section 2254 proceeding, this Court presumes that the state court's factual findings are correct, and the petitioner has the burden of rebutting this presumption of correctness by clear and

4

convincing evidence. 28 U.S.C. § 2254(e)(1); *Wood v. Allen*, 558 U.S. 290, 293 (2010). Moreover, review under section 2254(d) is limited to the record before the state court that adjudicated the claim on the merits. *Cullen v. Pinholster*, 563 U.S. 170, 180-81, 185 n.7 (2011).

## DISCUSSION

Respondent opposes Petitioner's request for habeas relief. She argues that Petitioner's claims are procedurally barred from federal habeas review because Petitioner knowingly stipulated to a reduced sentenced, expressly acknowledged that he had no further remedy under Rule 29.15, and ultimately failed to appeal the Rule 29.15 proceedings. She further argues that Petitioner has not made a showing of good cause and actual prejudice, or a fundamental miscarriage of justice, sufficient to overcome his default. (ECF No. 23 at 9-10.) This court agrees and finds that all of Petitioner's claims are procedurally barred.

To obtain federal habeas review of a claim raised in a section 2254 petition, the petitioner must have first raised the federal constitutional dimensions of the claim in state court in accordance with state procedural rules. *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995) (per curiam); *Beaulieu v. Minnesota*, 583 F.3d 570, 573 (8th Cir. 2009). To preserve issues for federal habeas review, a state prisoner must fairly present his claims to state courts during direct appeal or in post-conviction proceedings. *Sweet v. Delo*, 125 F.3d 1144, 1149 (8th Cir. 1997). A state prisoner who "fails to follow applicable state procedural rules for raising the claims is procedurally barred from raising them in a federal habeas action, regardless of whether he has exhausted his state-court remedies." *Id.* at 1151 (cleaned up) (citing *Coleman v. Thompson*, 501 U.S. 722, 731-32 (1991)). If the petitioner failed to present the claim in state court and no adequate non-futile remedy is currently available by which he may bring the claim in that forum, the claim is deemed procedurally defaulted and cannot be reviewed by the federal habeas court "unless the [petitioner]

5

can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman,* 501 U.S. at 750; *Martinez v. Ryan*, 566 U.S. 1, 10-11 (2012).

Petitioner's claims are procedurally defaulted, as he did not challenge the signed stipulation or the motion court's findings, nor did he appeal the resolution of his post-conviction relief. *See Moore-El v. Luebbers*, 446 F.3d 890, 897 (2006) (affirming that petitioner's failure to appeal claims that are rejected constitutes abandonment of those claims under Missouri Law, resulting in procedural default); *Coleman*, 501 U.S. at 732 ("[A] habeas petitioner who has failed to meet the State's procedural requirements for presenting his federal claims has deprived the state courts of an opportunity to address those claims in the first instance."). Moreover, Petitioner stipulated that the proper remedy in his post-conviction proceeding was to amend the judgment and sentence in the underlying case from a twenty-year consecutive sentence to a seventeen-year sentence to run concurrently with all previously imposed sentences, and he does not challenge the voluntariness of this stipulation. (ECF No. 23-7.) Petitioner expressly acknowledged that he "underst[ood] that he has no further remedy under Rule 29.15," and, during the Rule 29.15 hearing, the state court confirmed that Petitioner understood that this stipulation would conclude his post-conviction rights. (ECF No. 23-9 at 3-4).

The government relies on *Bennett v. Armontrout*, 949 F.2d 1017 (8th Cir. 1991), to support its argument that Petitioner's knowing agreement under Rule 29.15 does not excuse his failure to appeal the post-conviction agreement amending his judgment and sentence. In *Bennett*, the defendant and the prosecution entered into an agreement under which the State agreed not to pursue additional charges if he refrained from appealing or seeking post-conviction relief. *Id.* at 1018. After being fully advised of the consequences, the defendant accepted the agreement and

6

allowed his time for appeal to expire. *Id.* When he later filed for federal habeas relief, challenging the fairness of the agreement, the Eighth Circuit affirmed that the claims were procedurally barred because he had defaulted by not appealing his original conviction and sentence. *Id.* at 1018-19. The court rejected Petitioner's argument that his procedural default should be excused on the ground that the agreement itself prevented him from appealing, reasoning that the petitioner voluntarily waived his appellate rights and failed to establish cause and prejudice to excuse his default. *Id.*

Similarly, here, Petitioner voluntarily entered into a stipulation during his Rule 29.15 proceeding that resolved his claims in exchange for a reduced sentence, and he explicitly acknowledged that he had no further remedy under Rule 29.15. Notably, unlike the petitioner in *Bennett*, Petitioner does not challenge the fairness or voluntariness of the agreement, nor does he argue his post-conviction counsel was ineffective in some way.[4] Rather, Petitioner attempts to re-argue the same grounds for relief here that provided the basis for his voluntary agreement for a lesser sentence. Because he does not presently challenge the stipulation or provide any reason to justify his failure to appeal, this Court finds that Petitioner's decision not to pursue an appeal constitutes a procedural default. *See Bennett*, 949 F.2d at 1018-19 ("[Petitioner] made the ultimate decision not to appeal after he was sentenced, and he must justify his failure to appeal under the cause and prejudice analysis to avoid being procedurally barred."). Thus, Petitioner's claims are procedurally barred from federal habeas review unless Petitioner demonstrates cause and actual

---

[4] Instead, in his habeas petition, Petitioner repeatedly acknowledges the existence and result of the Rule 29.15 stipulation. Specifically, he notes that the outcome of his post-conviction proceeding was that his sentence was "Amended to 17 years – concurrent with 7 years. Now serving & 605 Days Jail Time Credit – Sentence Active." (ECF No. 10 at 2, 17, 19, 22, 25).

7

prejudice, or that a fundamental miscarriage of justice would result, to overcome this procedural bar. *See Coleman*, 501 U.S. at 750; *Martinez*, 566 U.S. at 10-11.

The Court will only review procedurally defaulted claims if Petitioner demonstrates cause or manifest injustice sufficient to overcome the procedural default. *Id.* To establish the necessary cause to excuse procedural default, Petitioner "must 'show that some objective external factor to the defense impeded counsel's efforts to comply with the State's procedural rule.'" *Davila v. Davis,* 582 U.S. 521, 528 (2017) (quoting *Murray v. Carrier*, 477 U.S. 478, 488 (1986)). Generally, "[a]ttorney ignorance or inadvertence is not cause because the attorney is the petitioner's agent when acting, or failing to act, in furtherance of the litigation, and the petitioner must bear the risk of attorney error." *Coleman,* 501 U.S. at 753. A narrow exception exists where "a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding … counsel in that proceeding was ineffective." *Martinez*, 566 U.S. at 17. To qualify under *Martinez*, a habeas petitioner must demonstrate that his defaulted claims of ineffective assistance of trial counsel are "substantial" or have at least "some merit," and that post-conviction counsel was ineffective under the standards established in *Strickland v. Washington*, 466 U.S. 668 (1984). *See Martinez*, 566 U.S. at 14; *Harris v. Wallace*, 984 F.3d 641, 648-49 (8th Cir. 2021). To establish prejudice, Petitioner must show "not merely that the errors at … trial created a possibility of prejudice, but that they worked to his actual and substantial disadvantage, infecting his entire trial with error of constitutional dimensions." *Murray*, 477 U.S. at 494 (quoting *United States v. Frady*, 456 U.S. 152, 170 (1982)).

The Court finds that Petitioner has failed to show cause sufficient to excuse his procedural default. Initially, the Court finds that the post-conviction stipulation itself cannot excuse Petitioner's procedural default. *See Bennett*, 949 F.2d at 1019. As to Petitioner's claims of

8

ineffective assistance of appellate counsel (Claims 2 and 3), Petitioner cannot excuse his default because the *Martinez* exception does not extend to appellate ineffectiveness claims. *See Davila*, 582 U.S. at 529-531 (rejecting to extend the *Martinez* exception to appellate ineffectiveness claims); *Dansby v. Hobbs*, 766 F.3d 809, 833 (8th Cir. 2014) (same). As to the ineffective assistance of trial counsel claims (Claims 1 and 4-7), Petitioner presents no facts supporting an argument that an external factor prevented him from challenging his post-conviction stipulation. *See Franklin v. Hawley*, 879 F.3d 307, 313 (8th Cir. 2018) (stating that a "prisoner's own failure to act cannot constitute cause").

Although the Court could end its analysis there, *see Oglesby v. Bowersox*, 592 F.3d 922, 926 (8th Cir. 2010) (court need not reach issue of prejudice if Petitioner fails to establish cause for default), Petitioner also fails to demonstrate that the defaulted ineffective assistance of trial counsel claims (Claims 1, 4-7) are substantial or that counsel was ineffective under the standards established in *Strickland*. *See Martinez*, 566 U.S. at 14. Petitioner does not demonstrate prejudice under *Strickland*, as his under-developed arguments fail to show that trial counsel's performance was unreasonable or impacted the jury's findings in light of the evidence adduced at trial. *See Strickland*, 466 U.S. at 669 (To demonstrate ineffective assistance, petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome."); *Neels v. Fluke*, 109 F.4th 1021, 1031 (8th Cir. 2024) (holding that a presumption of prejudice under *Strickland* applies where "defendant establishes a constructive denial of counsel"; otherwise, Petitioner bears the burden to "affirmatively prove prejudice").

For example, several of Petitioner's claims relate to issues surrounding the jury's conclusion that the victim's broken nose was a serious physical injury under section 556.061(44),

9

RSMo 2017 ("physical injury that creates a substantial risk of death or that causes *serious disfigurement* or protracted loss or impairment of the function of any part of the body") (emphasis added). (ECF No. 10 at 9, 11, 16.) At trial, the victim testified that Petitioner "hit [her] as hard as he could with his right fist," he fractured her nose, and she had to use a towel to stop the bleeding "because blood was going everywhere." (ECF No. 23-1 at 99-105.) She further testified that she has "a forever scar" and lump on her nose that would never go away. (*Id.*) The victim approached the jury to show them her scar, and photos of her injuries were admitted as evidence. (*Id.*) The jury's finding that the victim suffered a serious physical injury is supported by Missouri caselaw, and Petitioner fails to show a reasonable probability that any of trial counsel's alleged errors would have impacted the results of the proceedings. *See State v. Roper*, 136 S.W.3d 891, 898 (Mo. App. 2004) (factors demonstrating serious disfigurement include the permanency of any scarring, its location, size, and any additional injuries); *see also State v. Bledsoe*, 920 S.W.2d 538, 540 (Mo. App. 1996) (victims' injuries, notably including permanent facial scarring, constituted substantial evidence supporting jury's finding of serious disfigurement). As further example, Petitioner's claim in which he contends trial counsel failed to discuss a four-year plea offer with him (ECF No. 10 at 20), is directly refuted by the record. Before trial, the state, trial counsel, and Petitioner himself, confirmed that a seven-year plea offer was the only offer that was extended, and it was rejected. (ECF No. 23-1 at 7-8.) Thus, the Court holds that Petitioner fails to show any basis for review under *Martinez* for his procedural default.

The Court similarly finds no basis for review under the miscarriage of justice exception for any of the claims. To invoke this narrow exception, "the petitioner must make a showing of actual innocence." *Weeks v. Bowersox*, 119 F.3d 1342, 1350 (8th Cir. 1997) (internal citation omitted). As facts supporting one of Petitioner's claims, he asserts that the victim's injuries were to the left

10

side of her face, indicating that her attacker was right-handed, while he is left-handed. (ECF No. 10 at 18). Petitioner argues that this evidence would "prove beyond any doubt who the victim's attacker definitely was/is and prove his innocence in his case…" (*Id.* at 19). However, this evidence was suppressed during trial (*Id.* at 6) and does not constitute *new* evidence before the court. *See Schlup v. Delo*, 513 U.S. 298, 329 (1995) (holding that "[w]ithout any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim."). Moreover, Petitioner's conclusory and vague assertions are insufficient to establish actual innocence. *See id.* (holding that a petitioner does not meet the actual innocence "threshold requirement unless he persuades the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

Because Petitioner's claims are procedurally barred and he fails to overcome procedural default, this Court cannot reach his claims on the merits, and his petition is therefore denied. *See Franklin*, 879 F.3d at 311 (citing *Coleman*, 501 U.S. at 750); *see also Greer v. Minnesota*, 493 F.3d 952, 957 (8th Cir. 2007) (holding that "when a state court declined to address a prisoner's federal claims because the prisoner had failed to meet a state procedural requirement," federal courts were precluded from reviewing the claims).

## CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Terry Reed's Petitions for a Writ of Habeas Corpus **(**ECF Nos. 1, 10) pursuant to 28 U.S.C. § 2254 are **DENIED.**

11

**IT IS FURTHER ORDERED** that Petitioner has not made a substantial showing of a denial of a constitutional right and this Court will not issue a Certificate of Appealability. A separate judgment in accord with this Order is entered on this same date.

**IT IS FINALLY ORDERED** that Kelly Morriss shall be substituted for Doris Falkenrath as the Respondent in this suit pursuant to Fed. R. Civ. P. 25(d).

_____
JOSEPH S. DUEKER
UNITED STATES MAGISTRATE JUDGE

Dated this 18th day of November, 2025.